**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

CARL DEAN SAMPSON, )
)
      Petitioner, )
)
vs. ) Case No. 13-CV-760-TCK-TLW
)
ROBERT PATTON, Director,[1] )
)
      Respondent. )

## OPINION AND ORDER

This is a 28 U.S.C. § 2254 habeas corpus action. Petitioner, a state inmate appearing pro se, raises six (6) grounds for relief in his petition (Dkt. # 1). In response to the petition, Respondent filed a motion to dismiss petition for habeas corpus as time barred by the statute of limitations (Dkt. # 9). Petitioner filed a response to the motion (Dkt. # 11). For the reasons discussed below, the Court finds that, as to Grounds 1-5, the petition was not timely filed. Therefore, Respondent's motion to dismiss shall be granted as to those grounds for relief and they shall be dismissed with prejudice. Respondent's motion to dismiss shall be denied as to Ground 6. However, that ground for relief is not cognizable on habeas corpus review and is denied on that basis.

### *BACKGROUND*

Petitioner was convicted by a jury of First Degree Murder in Mayes County District Court, Case No. CRF-1991-252. In accordance with the jury's recommendation, the trial judge sentenced Petitioner to life imprisonment without the possibility of parole. See Dkt. # 10-2. At trial, Petitioner was represented by attorney Tony Jack Lyons. Id.

---

[1] Petitioner is currently in custody at Lawton Correctional Facility, a private prison in Oklahoma. Therefore, the proper party respondent is Robert Patton, Director of the Oklahoma Department of Corrections. The Clerk shall note on the record the substitution of Robert Patton, Director, as party respondent in place of Edward Evans, Interim Director.

Petitioner perfected a direct appeal at the Oklahoma Court of Criminal Appeals (OCCA). On appeal, Petitioner was represented by attorney Lendell S. Blosser. Id. In an unpublished opinion, filed December 12, 1994, in Case No. F-93-172, the OCCA affirmed the judgment and sentence of the trial court. Id.

On January 27, 1995, Petitioner filed a pro se motion for suspended sentence. See Dkt. # 10-6 at 1. That motion was denied on February 13, 1995. Id. at 2. The docket sheet for Mayes County District Court, Case No. CRF-1991-252, reflects that on September 8, 1999, Petitioner filed a motion for transcripts at public expense. See Dkt. # 10-1. The district court denied that motion on November 15, 1999. Id. On November 27, 2000, Petitioner filed a pro se motion for production of documents. Id. That motion was denied on December 27, 2000. Id. On April 18, 2001, Petitioner filed a motion to suppress testimony and investigation into competency hearing. Id. The motion to suppress was denied on May 9, 2001. Petitioner next filed, on July 27, 2001, a motion for retrospective post-examination competency hearing. Id. The district court denied the motion on August 24, 2001.

On November 14, 2011, or more than ten years after filing the miscellaneous motions cited above, Petitioner filed his first application for post-conviction relief. See Dkt. # 10-3. By order filed May 18, 2012 (Dkt. # 10-4), the state district court denied the requested relief. Petitioner did not file a post-conviction appeal.

On June 1, 2012, Petitioner filed a second application for post-conviction relief. See Dkt. # 10-5. By order filed October 12, 2012 (Dkt. # 10-6), the state district court denied the requested relief. Petitioner appealed. See Dkt. # 10-7. On April 11, 2013, in Case No. PC-2012-1003, the OCCA affirmed the district court's denial of post-conviction relief. See Dkt. # 10-8.

On November 20, 2013, Petitioner filed his federal petition for writ of habeas corpus (Dkt. # 1). Petitioner raises six (6) grounds of error, as follows:

Ground 1: Petitioner was denied the effective assistance of trial counsel during the competency hearing in January 1992 in violation of his constitutional rights.

Ground 2: Defense counsel failed to request a current competency hearing relevant to the time of the trial in order to meet the requirements of 22 O.S. 1991 § 1175.1.

Ground 3: Oklahoma's unconstitutional standard of proof requiring Petitioner to prove incompetence by a clear and convincing standard caused Petitioner to be tried while incompetent and denied him due process.

Ground 4: Petitioner was denied the effective assistance of appellate counsel in violation of his constitutional rights.

Ground 5: Oklahoma Court of Criminal Appeals reviewed the merits of the direct appeal issues related to Petitioner's competency under a clear and convincing evidence standards later held unconstitutional and thus Petitioner was denied due process of law.

Ground 6: Oklahoma's procedural rules cannot be deemed adequate and independent to bar review.

See id. In response to the petition, Respondent asserts that the petition is time barred. See Dkt. # 9.

*ANALYSIS*

**A. Grounds 1-5 shall be dismissed with prejudice as time barred**

The Antiterrorism and Effective Death Penalty Act (AEDPA), enacted April 24, 1996, established a one-year limitations period for habeas corpus petitions as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State actions;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). In United States v. Simmonds, 111 F.3d 737, 744-46 (10th Cir. 1997), *overruled on other grounds*, United States v. Hurst, 322 F.3d 1256 (10th Cir. 2003), the Tenth Circuit Court of Appeals held that for prisoners whose convictions became final before April 24, 1996, the one-year statute of limitations did not begin to run until April 24, 1996. In other words, prisoners whose convictions became final before April 24, 1996, the date of enactment of the AEDPA, were afforded a one-year grace period within which to file for federal habeas corpus relief. The Tenth Circuit also ruled that the tolling provision of 28 U.S.C. § 2244(d)(2) applied in § 2254 cases to toll the one-year grace period afforded by Simmonds. Hoggro v. Boone, 150 F.3d 1223 (10th Cir. 1998). Therefore, the one-year grace period would be tolled during time spent pursuing state applications for post-conviction relief properly filed during the grace period.

Based on application of § 2244(d)(1)(A), Grounds 1-5 of this habeas petition were not filed within the one-year limitations period. Petitioner's conviction entered in Mayes County District Court, Case No. CRF-1991-252, became final on March 12, 1995, after the OCCA concluded direct review on December 12, 1994, and the 90 day time period for filing a petition for writ of *certiorari* in the United States Supreme Court had lapsed. See Locke v. Saffle, 237 F.3d 1269, 1273 (10th Cir.

2001). Thus, Petitioner's conviction became final before April 24, 1996, the date of enactment of the AEDPA. As a result, Petitioner had to file a habeas petition within one (1) year of enactment of the AEDPA, or on or before April 24, 1997. Hurst, 322 F.3d at 1261.

Although the running of the limitations period would be tolled or suspended during the pendency of any post-conviction or other collateral proceeding with respect to the pertinent judgment or claim properly filed during the grace period, 28 U.S.C. § 2244(d)(2); Hoggro, 150 F.3d at 1226, the record cited above confirms that Petitioner's motion for suspended sentence, post-conviction applications, and other efforts to obtain collateral relief in state court were filed either before or after the grace period and do not serve to toll the statute of limitations.[2] See Clark v. Oklahoma, 468 F.3d 711, 714 (10th Cir. 2006) ("Only state petitions for post-conviction relief filed within the one year allowed by AEDPA will toll the statute of limitations."); Fisher v. Gibson, 262 F.3d 1135, 1142-43 (10th Cir. 2001). Therefore, Petitioner is not entitled to tolling under 28 U.S.C. § 2244(d)(2).

Petitioner's habeas claims are based on his argument that, pursuant to Cooper v. Oklahoma, 517 U.S. 348 (1996), his competence to stand trial was determined under an unconstitutional standard. However, Cooper was decided on April 16, 1996, or prior to expiration of the one-year grace period. As a result, Cooper does not help Petitioner overcome the limitations bar imposed by

---

[2]Even if Petitioner's motions to obtain transcripts and other records had been filed during the one-year grace period, under Tenth Circuit precedent, those efforts would not serve to toll the one-year period. See May v. Workman, 339 F.3d 1236, 1237 (10th Cir. 2003) (stating that "the limitations period should not be tolled during the pendency of [petitioner's] various motions for transcripts and petitions for writs of mandamus relating to those motions") (internal citation omitted); Osborne v. Boone, No. 99-7015, 1999 WL 203523 at *1 (10th Cir. April 12, 1999) (unpublished) (holding that "attempts to obtain trial records and transcripts at public expense are not collateral proceedings which would result in the tolling of the filing period under § 2244(d)(2)").

28 U.S.C. § 2244(d). Therefore, this habeas corpus petition, filed November 20, 2013, appears to be untimely.

In his petition, Petitioner acknowledges that his petition is untimely, but asserts that he is entitled to equitable tolling because of "mental illness issues." See Dkt. # 1 at 6. Petitioner repeats his argument for equitable tolling in his response to the motion to dismiss (Dkt. # 11). The statute of limitations contained in § 2244(d) is not jurisdictional and may be subject to equitable tolling. See Miller v. Marr, 141 F.3d 976, 978 (10th Cir. 1998); see also Gibson v. Klinger, 232 F.3d 799, 808 (10th Cir. 2000). However, to be eligible for equitable tolling, a petitioner must make a two-pronged demonstration: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way," Yang v. Archuleta, 525 F.3d 925, 928 (10th Cir.2008) (quoting Lawrence v. Florida, 549 U.S. 327, 336 (2007)), so as to prevent him from timely filing his habeas petition. A petitioner's burden in making this demonstration is a heavy one: a court will apply equitable tolling only if a petitioner is able to "'show specific facts to support his claim of extraordinary circumstances and due diligence.'" Id. (quoting Brown v. Barrow, 512 F.3d 1304, 1307 (11th Cir. 2008)).

Nothing in the record before the Court suggests that Petitioner is entitled to equitable tolling. First, Petitioner's allegation of mental illness lacks sufficient specificity to justify equitable tolling. Equitable tolling based on mental incapacity may be warranted but only in "exceptional circumstances." Reupert v. Workman, 45 F. App'x 852, 854 (10th Cir. 2002) (unpublished)[3] (citing Biester v. Midwest Health Servs., Inc., 77 F.3d 1264, 1268 (10th Cir. 1996)). Such exceptional

---

[3] This and other unpublished opinions are not precedential but are cited for their persuasive value. See Fed. R. App. P. 32.1; 10th Cir. R. 32.1.

6

circumstances include an adjudication of incompetence, institutionalization for mental incapacity, or where it is shown that mental incapacity renders the individual incapable of pursuing his own claim. Id. If a litigant is capable of pursuing legal remedies during the relevant time period, equitable tolling based upon mental incapacity is not appropriate. Biester, 77 F.3d at 1268.

Petitioner in this case has not shown that he has been adjudicated incompetent or that he was incapable of pursuing his federal claims during the relevant time period because of mental incapacity. Although Petitioner argues that he "is not required to carry a burden of proof at this stage in order to merit further investigation into the merits of his argument for tolling," see Dkt. # 11 at 2, the Court disagrees. The petitioner bears the burden of proof in order to be entitled to equitable tolling. See Lawrence, 549 U.S. at 337; Yang, 525 F.3d at 928; Alexander v. Cockrell, 294 F.3d 626, 629 (5th Cir. 2002) (habeas petitioner has burden of proof concerning equitable tolling and must demonstrate rare and exceptional circumstances warranting application of doctrine); Phillips v. Donnelly, 216 F.3d 508, 511 (5th Cir. 2000). Petitioner makes no factual allegation suggesting that between April 24, 1996, and April 24, 1997, he was so incapable of rational thought that he could not take the steps necessary to file a petition for writ of habeas corpus. See Lawrence, 549 U.S. at 337 (finding habeas petition had "fallen far short" of showing "mental incapacity" to support equitable tolling). Furthermore, Petitioner does not explain how his mental state made it impossible for him to file a timely federal habeas petition. The Court concludes that Petitioner has failed to demonstrate that he was incapacitated by his mental illness during the one-year limitations period and he is not entitled to equitable tolling on that basis.

In addition, the Court finds Petitioner has failed to show he diligently pursued his rights. After his conviction became final in 1995, he waited more than four (4) years to begin gathering

7

information about his case. He waited until July 27, 2001, to request a retrospective post-examination competency hearing. After that motion was denied on August 24, 2001, another ten (10) years passed before he filed his first application for post-conviction relief on November 14, 2011. That record reflects lengthy delays in pursuing habeas corpus relief and demonstrates a lack of reasonable diligence by Petitioner in pursuing his rights. As a result, Petitioner is not entitled to equitable tolling.

The Court concludes that, because Petitioner is not entitled to equitable tolling of the limitations period, Grounds 1-5 of the petition, filed November 20, 2013, or more than sixteen (16) years after expiration of the AEDPA grace period, are untimely. Respondent's motion to dismiss shall be granted as to those grounds and they shall be dismissed with prejudice.

**B. Habeas corpus relief on Ground 6 is denied**

In Ground 6, Petitioner challenges post-conviction rulings made by the state courts. See Dkt. # 1 at 5. Specifically, Petitioner complains that the Oklahoma's procedural rules were improperly invoked to bar review of his claims raised in his application for post-conviction relief.[4] Under 28 U.S.C. § 2244(d)(1)(D), the factual basis for Ground 6 could not have been discovered until April 11, 2013, when the OCCA entered its ruling affirming the denial of Petitioner's application for post-conviction relief. Petitioner filed his habeas petition on November 20, 2013, or less than one year later. Therefore, the claim challenging the state courts' post-conviction rulings is not time barred. However, the issue raised by Petitioner in Ground 6 focuses only on the State's post-conviction remedy and not the judgment which provides the basis for his incarceration. Therefore, Petitioner's

---

[4]The Court notes that, contrary to Petitioner's allegations, the OCCA addressed Petitioner's claim of ineffective assistance of appellate counsel on the merits. See Dkt. # 10-8.

Ground 6 states no cognizable federal habeas claim. Sellers v. Ward, 135 F.3d 1333, 1339 (10th Cir. 1998). For that reason, Petitioner's request for habeas corpus relief on Ground 6 shall be denied.

## *CONCLUSION*

The Court concludes that Grounds 1-5 of the petition are untimely. Respondent's motion to dismiss petition for habeas corpus as time barred by the statute of limitations shall be granted as to those grounds for relief. Ground 6 is not cognizable in this habeas corpus action and shall be denied.

## Certificate of Appealability

Rule 11, Rules Governing Section 2254 Cases in the United States District Courts, instructs that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Pursuant to 28 U.S.C. § 2253, the court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right," and the court "indicates which specific issue or issues satisfy [that] showing." A petitioner can satisfy that standard by demonstrating that the issues raised are debatable among jurists, that a court could resolve the issues differently, or that the questions deserve further proceedings. Slack v. McDaniel, 529 U.S. 473 (2000) (citing Barefoot v. Estelle, 463 U.S. 880, 893 (1983)). In addition, when the Court's ruling is based on procedural grounds, a petitioner must demonstrate that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack, 529 U.S. at 484.

In this case, the Court concludes that a certificate of appealability should not issue. Nothing suggests that the Court's procedural rulings resulting in the dismissal of Grounds 1-5 based on the statute of limitations, and the denial of Ground 6 as not cognizable on habeas corpus review, are

9

debatable or incorrect. The record is devoid of any authority suggesting that the Tenth Circuit Court of Appeals would resolve the issues in this case differently. A certificate of appealability shall be denied.

**ACCORDINGLY, IT IS HEREBY ORDERED that:**

1. The Clerk of Court shall note on the record the substitution of Robert Patton, Director, as party respondent in place of Edward Evans, Interim Director.

2. Respondent's motion to dismiss petition for writ of habeas corpus as time barred by the statute of limitations (Dkt. # 9) is **granted in part** and **denied in part**, as follows:

   a. The motion to dismiss is **granted** as to Grounds 1-5 of the petition and those claims are **dismissed with prejudice**.

   b. The motion to dismiss is **denied** as to Ground 6.

3. Habeas corpus relief on Ground 6 is **denied**.

4. A separate Judgment shall be entered in this case.

5. A certificate of appealability is **denied**.

**DATED** this 9th day of July, 2014.

*/s/ Terence Kern*
**TERENCE KERN**
**United States District Judge**